Eric Landau (State Bar No. 138849)
*elandau@egsllp.com*
Travis Biffar (State Bar No. 217593)
*tbiffar@egsllp.com*
Ellenoff Grossman & Schole LLP
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:  (212) 370-1300
Facsimile:  (212) 370-7889

Attorneys for plaintiffs
Trivalley Doha Qatar dba Trivalley Trading & Contracting, WLL and Khalid bin Jabor Al Thani

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trivalley Doha Qatar dba Trivalley Trading & Contracting, WLL, a Qatar Limited Liability Company and Khalid bin Jabor Al Thani, a citizen of Qatar,<br><br>Plaintiffs,<br><br>vs.<br><br>William Levin, a California citizen; Steven Dicterow, a California citizen; and Levin & Dicterow, a California general partnership,<br><br>Defendants. | Case No. 8:21-cv-1857<br><br>**Complaint for Legal Malpractice and Breach of Fiduciary Duty**<br><br>**Demand for Jury Trial** |

## NATURE OF ACTION

1. This case involves intellectual property attorneys who accepted an engagement in a corporate control contest with no prior corporate governance experience. This case involves attorneys who accepted an engagement on a straight hourly fee basis and then changed the arrangement to a purported hybrid contingent fee, albeit unenforceable, before a bifurcated trial to increase their piece of the pie to unconscionable levels. Then, shortly after a favorable ruling in the bifurcated trial, these attorneys attempted to force an even more onerous fee arrangement on their clients. Despite demands for greater compensation, these attorneys failed to respond to fact discovery, blew fact discovery deadlines, failed to respond to expert discovery, and blew expert discovery deadlines. These attorneys even secretly cut a deal with their clients' adversaries to shift liability for discovery sanctions from them to their clients if their adversaries would not oppose their motion to withdraw as counsel. Worse, once they withdrew as counsel, these attorneys took a position in the underlying litigation directly adverse to and to the detriment of their former clients. These attorneys publicly disclosed confidential and privileged information in the underlying litigation and attempted to cut a deal with their clients' adversaries to the detriment of their clients in order to obtain monies from their client to which the attorneys were not entitled.

## THE PARTIES

2. Plaintiff Trivalley Doha Qatar doing business as Trivalley Trading & Contracting, WLL ("Trivalley"), a limited liability company formed under the laws of the country of Qatar, and is controlled and operated by plaintiff Dr. Khalid bin Jabor Al Thani ("Dr. Khalid"), a Qatari citizen whose permanent residence is in Doha, Qatar (collectively, "Dr. Khalid and Trivalley"). Dr. Khalid is a medical doctor with no legal training.

3. Dr. Khalid and Trivalley are not lawfully admitted for permanent residence in the United States nor domiciled in California. Trivalley has a principal place of business in Doha, Qatar.

4. Defendant William Levin is a California citizen and an individual residing in Laguna Beach, California.

5. Defendant Steven Dicterow is a California citizen and an individual residing in Laguna Beach, California.

6. Dr. Khalid is informed and believes and thereon alleges that Levin & Dicterow is a California general partnership with principal place of business in Laguna Beach, CA. (Messrs. Levin and Dicterow along with their partnership are collectively referred to as the "Attorneys.")

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, which confers original jurisdiction on federal district courts in all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of a State and citizens of a foreign state who are not lawfully admitted for permanent residence in the United States nor domiciled in California.

8. Venue is proper in the Central District of California because all defendants reside in the district and the acts and transactions complained of occurred in this district pursuant to 28 U.S.C. § 1391(b).

## TIMELINESS

9. This complaint is timely filed within all applicable limitations periods.

10. Section 340.6(a) of the California Code of Civil Procedure provides for a one-year statute of limitations for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services.

11. The one-year statutory time period is tolled under the California Code of Civil Procedure while "the attorney continues to represent the client in the

specific subject matter in which the alleged wrongful act or omission occurred." Cal. Code Civ. Proc § 340.6(a)(2).

12. On October 14, 2020, in the underlying litigation, the Orange County Superior Court signed an order granting the Attorneys permissive withdrawal as counsel of record for Dr. Khalid and Trivalley, effective upon service of the signed order on Dr. Khalid and Trivalley and filing of the proof of service of same. The signed order included important notices regarding Dr. Khalid's and Trivalley's rights and obligations following the withdrawal. Attorneys did not serve the signed order on Dr. Khalid and Trivalley nor did they file proof of service of the signed order from the court. A true and correct copy of the order on withdrawal is attached hereto as **Exhibit A**, and incorporated herein by this reference.

13. The one-year statutory time period also is tolled under the California Code of Civil Procedure "while a dispute between the lawyer and client concerning fees is pending resolution under Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code." Cal. Code Civ. Proc § 340.6(a)(5).

14. On February 8, 2021, within one year of the end of the Attorneys' representation, Dr. Khalid and Trivalley commenced fee arbitration under Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code.

15. As of the date of the filing of this complaint, the fee arbitration between the parties was pending within the meaning of Section 340.6(a)(5) of the California Code of Civil Procedure.

## COMMON ALLEGATIONS

### The Underlying Litigation from October 2016 to August 2018

16. In 2014, Dr. Khalid invested the seed money for Global Discovery Biosciences Corporation ("GDBC"), a private biotechnology company. Dr. Khalid and Dr. Douglas Harrington agreed that they would be partners in GDBC, and that

Dr. Khalid's investment would constitute a forty percent (40%) ownership stake in GDBC, the same as Dr. Harrington's ownership stake. Dr. Khalid held his 40% ownership through Trivalley.

17. In late 2015, Najib Khoury, another shareholder of GDBC, assigned his fifteen percent (15%) stake to Dr. Khalid, raising Dr. Khalid's ownership interest in GDBC to a total of 55%.

18. On October 4, 2016, Dr. Harrington caused GDBC to file a complaint against Dr. Khalid and Trivalley in the Orange County, California Superior Court ("Superior Court") in an action entitled *Global Discovery Biosciences Corporation v. Khalid bin Jabor Al Thani, et al.*, Case No. 30-2016-00878822-CU-BC-CJC (the "Underlying Litigation") in an attempt to cancel Dr. Khalid's and Trivalley's stock ownership, to prevent them from exercising any ownership rights over GDBC, and to prevent Dr. Khalid and Trivalley from exercising their rights as a stockholders.

19. Dr. Khalid and Trivalley cross-claimed against GDBC and Dr. Harrington, alleging fraud and breach of fiduciary duty, seeking declaratory relief that Dr. Khalid and Trivalley were valid shareholders, and beginning a control fight over the ownership of GDBC.

20. Dr. Khalid and Trivalley originally were represented by Lloyd Charton and his partner, George Straggas, in the Underlying Litigation. In 2017, Mr. Charton passed away unexpectedly in a tragic hiking accident. Following his death, Mr. Straggas took over the Underlying Litigation.

21. On December 19, 2017, Mr. Straggas signed a stipulation between Dr. Khalid, on the one hand, and GDBC, Dr. Harrington, his wife, and his personal holding company, Ark Partner, on the other hand. Pursuant to the stipulation, the parties stipulated to a binding general reference under Section 638(a) of the Code of Civil Procedure before the Honorable Judith M. Ryan (Retired) for the resolution of the following issue by way of bifurcated trial: "Whether KHALID and/or TRIVALLEY has a valid ownership interest in shares of GDBC stock, and if so,

how many shares, including, without limitation, any shares purportedly assigned to said parties by NAJIB E. KHOURY" (the "Stipulation").

22. On February 5, 2018, the Superior Court entered the order on the Stipulation. The general reference was subsequently set for bifurcated trial on October 16, 2018 ("Judicial Reference").

23. Following Mr. Charton's death, Mr. Straggas struggled to represent Dr. Khalid and Trivalley properly in the Underlying Litigation by himself. Although Mr. Straggas negotiated the Stipulation, his small firm without Mr. Charton was unable to adequately represent Dr. Khalid and Trivalley at the upcoming Judicial Reference. In or around June 2018, Mr. Straggas sought to withdraw as litigation counsel.

**The Parties' Services Agreement**

24. Following Mr. Straggas' decision to withdraw only months before the bifurcated trial to resolve the central issue of Dr. Khalid's and Trivalley's stock ownership, Dr. Khalid and Trivalley needed new litigation counsel that could come up to speed swiftly on the case and represent them in the bifurcated trial at the Judicial Reference.

25. Unfortunately, Dr. Khalid's home country of Qatar was suffering a diplomatic crisis and blockade, making it extremely difficult for Dr. Khalid to travel or interview new litigation counsel.

26. At this time, Dr. Khalid entertained an offer of representation from the Attorneys, to whom Mr. Charton and Mr. Straggas had introduced him in 2017. The Attorneys claimed to have the requisite familiarity with the Underlying Litigation to take over as litigation counsel and represented that they had the expertise necessary to handle the Underlying Litigation on behalf of Dr. Khalid and Trivalley, even though the Attorneys' practice normally was limited to intellectual property law and not litigation or corporate governance law.

27. On or about June 5, 2018, the Attorneys began work for Dr. Khalid on the Underlying Litigation, including preparations for the Judicial Reference, without a written agreement, in violation of Section 6148 of the California Business and Professions Code.

28. From June 5, 2018 to July 30, 2018, the Attorneys billed their standard hourly rates for their work to represent Dr. Khalid and Trivalley in the Underlying Litigation.

29. On or about August 1, 2018, the Attorneys, through their law firm, Levin & Dicterow, then pressured Dr. Khalid to sign a written legal services agreement ("Services Agreement") that changed the hourly rate into a hybrid contingent fee arrangement that benefitted the Attorneys to the detriment of Dr. Khalid.

30. The Attorneys used knowledge gained by virtue of their representation of Dr. Khalid and Trivalley to inflate the fee agreement to unconscionable proportions, including a ten percent (10%) purported contingent interest in Dr. Khalid's and Trivalley's stock ownership in GDBC in violation of Rule 4-200 of the California Rules of Professional Conduct.

31. Prior to the date that the Services Agreement was signed, an attorney-client relationship existed between Dr. Khalid and the Attorneys. The Services Agreement was not reviewed by independent counsel before Dr. Khalid signed nor did the attorneys admonish Dr. Khalid, in writing or orally, that he may be well served to have the document reviewed by independent counsel.

32. The Services Agreement lacked the mandatory disclosures required under Rules 3-300 (disclosing that the Attorneys' acquisition of a contingent interest in Dr. Khalid's and Trivalley's stock ownership in GDBC was obtaining an interest adverse to Dr. Khalid and Trivalley) and 3-310(B)&(C) (disclosing the reasonably foreseeable adverse consequences of such an adverse interest) of the California Rules of Professional Conduct (now Rules 1.8.1, and 1.7, respectively) and under

Section 6147(a)(2) of the California Business and Professions Code (disclosing how disbursements and costs incurred in connection with the prosecution or settlement of the claim would affect the contingency fee and the client's recovery).

### The Underlying Litigation from August 2018 to October 2020

33. The bifurcated trial in the Judicial Reference commenced on October 16, 2018 and continued intermittently through April 2019. Judge Ryan presided over the ten-day trial and, after multiple rounds of objections, on November 20, 2019, issued her Honor's final findings and determinations on the issue of Dr. Khalid's and Trivalley's ownership of GDBC in a Second Amended Statement of Decision ("SASOD"). The SASOD found and determined that Dr. Khalid's and Trivalley's ownership interest equaled fifty-five percent (55%) of the total number of shares of GDBC. The SASOD resolved some, but not all, of the claims in the Underlying Litigation. The remaining claims would be decided by the Superior Court.

34. Shortly after the favorable ruling in the bifurcated trial, the Attorneys began pressuring Dr. Khalid to amend the Services Agreement to inflate their contingency fee to even more egregious proportions for no additional consideration.

35. The proposed amendment also lacked disclosures required under Rules 3-300 and 3-310(B)&(C) of the California Rules of Professional Conduct (now Rules 1.8.1 and 1.7, respectively), or any disclosures whatsoever required to protect Dr. Khalid and Trivalley. The proposed amendment was not reviewed by independent counsel. The proposed amendment to the Services Agreement was never signed by Dr. Khalid.

36. From January 2020 through October 2020, the Attorneys did less than the bare minimum required to sustain Dr. Khalid's and Trivalley's case and performed no further substantive work on the Underlying Litigation, even declining to file a reply brief in support of a pending motion for judgment. Although the Attorneys performed no further substantive work, they continued to bill substantial

amounts of time for corresponding with Dr. Khalid regarding discovery that the Attorneys did not complete, drafting discovery responses that the Attorneys did not serve, drafting a reply brief that the Attorneys did not file, as well as billing secretarial tasks at the Attorneys' full hourly rate.

37. Due to the COVID-19 pandemic, the Superior Court closed for several months in 2020. During this time, the Attorneys failed to follow up on outstanding discovery, including demands for corporate books and records from GDBC, deadlines for fact and expert discovery, and outstanding supplemental discovery.

### The Attorneys' Withdrawal

38. On August 20, 2020, after representing Dr. Khalid and Trivalley for two years, the Attorneys filed a request for permissive withdrawal as counsel of record. In their request, the Attorneys finally admitted that they "lack[ed] the resources and expertise to represent [Dr. Khalid and Trivalley] adequately." The motion to be relieved was scheduled for hearing on December 3, 2020.

39. Two weeks later, on September 4, 2020, GDBC took advantage of the Attorneys' imminent departure and filed four motions to compel and requests for sanctions due to the Attorneys' failure to provide substantive supplemental discovery responses. On September 21, 2020, the Attorneys filed a single, five-page, non-substantive opposition to all four motions to compel, requesting only a short continuance of the motion to compel hearing. The Attorneys spent the majority of their brief publicly airing privileged and sensitive information about their representation of Dr. Khalid and Trivalley, including confidential communications involving Dr. Khalid, the terms of the Attorneys' engagement with Dr. Khalid and Trivalley, unfounded legal conclusions about Dr. Khalid's and Trivalley's case based on information that the Attorneys' gained by virtue of their representation of Dr. Khalid, and efforts of the Attorneys to convince Dr. Khalid to agree to a new engagement agreement. The Attorneys' disclosures breached their duty of confidentiality generally and under Sections 6068(e) and 6149 of the

Business & Professions Code and Rule 3-100(A) of the Rules of Professional Conduct (now Rule 1.6).

40. Dr. Khalid and Trivalley subsequently learned that, prior to filing their motion to be relieved as counsel of record, the Attorneys secretly negotiated a self-serving deal with GDBC's counsel to shift any sanctions award for the motions to compel from them to Dr. Khalid. Specifically, in violation of their duties of loyalty and candor, if the Attorneys agreed to promptly file their motion to withdraw, GDBC would seek sanctions against Dr. Khalid only, and not against the Attorneys.

41. On September 10, 2020, GDBC served an expert witness demand under Section 2034.210 of the California Code of Civil Procedure. The Attorneys did not calendar this expert designation deadline, did not designate any experts, and did not reserve the right to designate supplemental experts when the expert designations were due.

42. On October 13, 2020, GDBC served expert witness designations under Section 2034.260 of the California Code of Civil Procedure.

43. On October 14, 2020, in the underlying litigation, the Superior Court signed the order granting the Attorneys permissive withdrawal as counsel of record for Dr. Khalid and Trivalley, effective upon service of the signed order on Dr. Khalid and Trivalley and the filing of the proof of service of same. The signed order included important notices regarding Dr. Khalid's and Trivalley's rights and obligations following the withdrawal. Attorneys did not serve the signed order on Dr. Khalid and Trivalley, and did not file a proof of service with the court.

44. Upon their withdrawal, and despite Rule 3-700(A)(2) and their obligation to avoid prejudicing their client, the Attorneys failed to provide Dr. Khalid and Trivalley with a detailed list and explanation of upcoming deadlines in the Litigation.

45. On October 28, 2020, Dr. Khalid's and Trivalley's new counsel appeared in the Underlying Litigation. The Attorneys never advised new counsel

{01025174.DOCX.7}                              9

that expert demands and designations had been exchanged, that the Attorneys had not designated experts, or that the Attorneys had not reserved Dr. Khalid's and Trivalley's rights to designate supplemental experts.

46. Over the following weeks, new counsel spent considerable time attempting to obtain missing and unaccounted for files and correspondence from the Attorneys, many of which were contained only in the Attorneys' emails. The Attorneys did not calendar upcoming deadlines and did not advise new counsel of upcoming deadlines, despite repeated requests. Eventually, the Attorneys provided a "dump" of uncategorized emails, which then needed to be reviewed to piece together what had been done, what had not been done, and what needed to be done in the Underlying Litigation.

47. Over the following months, new counsel spent significant time attempting to fix the Attorneys' errors.

### The Notice of Lien

48. On February 18, 2021, shortly before the scheduled second half of the bifurcated trial, the Attorneys filed a notice of lien in the Underlying Litigation, which gratuitously and improperly disclosed the confidential material terms of the Services Agreement, including a purported contingent interest claim to ten percent (10%) of any stock ownership awarded in favor of Dr. Khalid and Trivalley ("Notice of Lien"), a true and correct copy of which is attached hereto as **Exhibit B**, and incorporated herein by this reference.

49. The Attorneys' purported contingent interest never was enforceable. Moreover, the Attorneys forfeited any contingent interest by permissively withdrawing from the Underlying Litigation.

50. The Attorneys' disclosure of the contents of the Services Agreement breached their duty of confidentiality generally and under Sections 6068(e) and 6149 of the Business & Professions Code and Rule 3-100(A) of the Rules of Professional Conduct (now Rule 1.6).

51. The Attorneys knew the detrimental impact the purported contingent interest claim in the Notice of Lien would have on Dr. Khalid's and Trivalley's claims related to his controlling 55% interest in GDBC.

52. The Attorneys filed the Notice of Lien to solicit interest from Dr. Harrington in purchasing the Attorneys' purported contingent interest in Dr. Khalid's and Trivalley's stock.

53. The Notice of Lien had its intended effect. On or about March 1, 2021, the Attorneys took a position directly adverse to the interests of Dr. Khalid and Trivalley in the Underlying Litigation. The Attorneys entered negotiations with Dr. Harrington to sell the Attorneys' purported contingent interest in Dr. Khalid's and Trivalley's stock to Dr. Harrington. If the Attorneys sold their purported interest to Dr. Harrington, it would have allowed Dr. Harrington to argue that Dr. Khalid and Trivalley did not possess a controlling interest in GDBC, even though the purported contingent interest was unenforceable.

54. The Attorneys threatened Dr. Khalid with the proposed sale to force him to purchase the claim and preserve his other legal claims. Even though the purported contingent interest was unenforceable, Dr. Khalid could not risk the confusion and delay this sale would cause, so, he capitulated.

## COUNT I
## LEGAL MALPRACTICE
### (Against All Defendants)

55. Dr. Khalid and Trivalley hereby incorporate by reference paragraphs 1 through 54, above.

56. On June 5, 2018, the Attorneys began to provide legal services on an hourly basis to Dr. Khalid and Trivalley, albeit without a signed, written agreement, thereby establishing an attorney-client relationship between the parties.

57. On August 1, 2018, Dr. Khalid signed the Services Agreement. The Services Agreement was never reviewed by independent counsel.

58.     As Dr. Khalid's and Trivalley's counsel in the Underlying Litigation, the Attorneys owed a duty of care to use such skill, prudence, and diligence as members of their profession commonly possess and exercise.

59.     The Attorneys breached their duty of care as follows, among other acts of malpractice:

- failing to adequately respond to discovery;
- failing to track discovery deadlines;
- failing to competently oppose discovery motions;
- failing to retain and designate expert witnesses;
- failing to follow up on outstanding discovery requests, including compelling the production of GDBC corporate documents; and
- failing to adequately maintain client files in a reasonably useable form.

60.     The negligent acts and omissions of the Attorneys were below the minimum standard of care for comparable attorneys who practice in this community, especially litigation attorneys and proximately caused harm to Dr. Khalid and Trivalley.

61.     Because of the Attorneys' negligence, the Attorneys have been paid an amount far in excess of the actual value of their services. Their negligent errors during the course of their representation have rendered their services worthless.

62.     Dr. Khalid and Trivalley have been damaged, at a minimum, in the amount of attorneys' fees paid to have competent counsel attempt to remedy and fix the Attorneys' negligent errors.

63.     As a direct and proximate result of the Attorneys' incompetence and professional negligence, Dr. Khalid and Trivalley have suffered damages in an amount to be proved at trial, but not less than $550,000.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

64. Dr. Khalid and Trivalley hereby incorporate by reference paragraphs 1 through 54, above.

65. A client's retention of an attorney or law firm gives rise to a fiduciary relationship between the parties. The scope of an attorney's fiduciary obligations is determined as a matter of law based on the California Rules of Professional Conduct, together with other statutes and general principles relating to fiduciary relationships. These fiduciary duties include duties of care, loyalty, and candor and an obligation to keep the client's confidences inviolate under Sections 6068(e) and 6149 of the California Business & Professions Code and Rule 3-100(A) of the California Code of Professional Conduct (now Rule 1.6).

66. In breach of their fiduciary duties and professional responsibilities to Dr. Khalid and Trivalley, the Attorneys committed the following wrongful acts and omissions, among others:

- materially changing the terms of the parties' engagement after the commencement of an attorney-client relationship;
- attempting to pressure Dr. Khalid to amend the Services Agreement to even more unconscionable terms without consideration;
- refusing to fully perform their duties to conduct discovery;
- refusing to keep a case calendar or track discovery after filing their motion to withdraw;
- refusing to adequately maintain client files after filing their motion to withdraw;
- engaging in self-serving agreements with opposing counsel to avoid sanctions at Dr. Khalid's expense;

- taking a position in the underlying litigation directly adverse to and to the detriment of Dr. Khalid and Trivalley by negotiating with Dr. Khalid's adversaries using knowledge gained during the Attorneys' representation of in the Underlying Litigation;
- taking positions directly adverse to Dr. Khalid and Trivalley in the Underlying Litigation by attempting to sell their purported contingent interest to Dr. Khalid's adversaries;
- disclosing confidential and privileged information in the Notice of Lien without the informed written consent of Dr. Khalid;
- failing to make mandatory disclosures under Rules 3-300 and 3-310 of the California Rules of Professional Conduct (now Rules 1.8.1 and 1.7, respectively);
- failing to make mandatory disclosures under Section 6147 of the California Rules of Professional Conduct;
- engaging in unconscionable and unreasonable billing practices, including billing Dr. Khalid and Trivalley for secretarial work at partner rates, billing Dr. Khalid for more than 24 hours in a single day by a single attorney, and billing Dr. Khalid for time the Attorneys spent engaging with their personal collections counsel; and
- pressuring Dr. Khalid to purchase their purported and unenforceable contingency fee claims to mitigate material harm to Dr. Khalid.

67. The Attorneys also owed a duty to Dr. Khalid and Trivalley to comply with Rule 4-200 of the Rules of Professional Conduct (now Rule 1.6) not to enter into an agreement for, charge, or collect an unconscionable fee. The Attorneys breached their fiduciary duties to Dr. Khalid and Trivalley by: (a) modifying their fee agreement with Dr. Khalid and Trivalley after the establishment of an attorney-client relationship with undue influence, inadequate consideration, and without the mandatory disclosures of Rule 3-300 of the California Rules of Professional

Conduct, and (b) pressuring Dr. Khalid to amend the Services Agreement to even more unconscionable terms without any consideration or disclosures.

68. As a direct and proximate result of the Attorneys' various fiduciary breaches, Dr. Khalid and Trivalley have suffered damages in an amount to be proved at trial, but not less than $350,000.

## PRAYER FOR RELIEF

Dr. Khalid and Trivalley respectfully request that this Court grant the following relief:

1) For a declaration that Dr. Khalid and Trivalley owe no further fees, contingency or otherwise, to the Attorneys;
2) For compensatory damages for the acts complained of herein, in an amount to be proven at trial;
3) For special damages as permitted by law;
4) For disgorgement of all fees and other monies paid to the Attorneys by or on behalf of Dr. Khalid and Trivalley;
5) For pre- and post-judgment interest as permitted by law; and
6) For such other relief as the Court deems necessary and proper.

Dated: November 10, 2021          Ellenoff Grossman & Schole LLP

By:      /s/ Eric Landau
         Eric Landau
         Attorneys for plaintiffs

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 3-6 of the Local Rules of the Central District of California, Dr. Khalid and Trivalley hereby demand a jury trial on all issues so triable.

Dated: November 10, 2021          Ellenoff Grossman & Schole LLP

By:      /s/ Eric Landau
        Eric Landau
        Attorneys for plaintiffs