Eric Landau (State Bar No. 138849)
*elandau@egsllp.com*
Travis Biffar (State Bar No. 217593)
*tbiffar@egsllp.com*
Ellenoff Grossman & Schole LLP
18101 Von Karman Avenue, Suite 230
Irvine, California 92612-7132
Telephone:   (212) 370-1300
Facsimile:   (212) 370-7889

Attorneys for plaintiffs
Trivalley Doha Qatar dba Trivalley
Trading & Contracting, WLL, and
Khalid bin Jabor Al Thani

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| Trivalley Doha Qatar dba Trivalley Trading & Contracting, WLL, a Qatar Limited Liability Company, and Khalid bin Jabor Al Thani, a citizen of Qatar,<br><br>plaintiffs,<br><br>vs.<br><br>William Levin, a California citizen; Steven Dicterow, a California citizen; and Levin & Dicterow, a California general partnership,<br><br>defendants. | Case No. 8:21-cv-01857-JLS-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   February 25, 2022<br>Time:   10:30 a.m.<br>Place:   Courtroom 10-A<br>　　　　[Honorable Josephine L. Staton]<br><br>Date Action Filed:  November 10, 2021<br><br>Trial Date:  Not set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order Setting Scheduling Conference (ECF No. 20), plaintiffs Trivalley Doha Qatar dba Trivalley Trading & Contracting, WLL ("Trivalley") and Khalid bin Jabor Al Thani ("Dr. Khalid") and defendants William Levin, Steven Dicterow and Levin & Dicterow ("L&D") submit the following Joint Rule 26(f) Report.

## A.    STATEMENT OF THE CASE

i.    <u>Plaintiffs' statement of the case</u>

This action arises from defendants' representation of Dr. Khalid and Trivalley, in an action presently pending in the Orange County Superior Court captioned *Global Discovery Biosciences Corporation v. Khalid bin Jabor Al Thani, et al.*, Case No. 30-2016-00878822-CU-BC-CJC (the "Underlying Litigation"). The Underlying Litigation involves an attempt by the co-founder of a private biotechnology company called Global Discovery Biosciences Corporation ("GDBC") to cancel Dr. Khalid's and Trivalley's stock ownership in GDBC and take control for himself. Dr. Khalid and Trivalley are defendants and cross-claimants in the Underlying Litigation.

In this action, Dr. Khalid and Trivalley are pursuing claims for legal malpractice and breach of fiduciary duty against L&D, a purported general partnership, and its two general partners, Messrs. Levin and Dicterow. L&D assumed the representation of plaintiffs in the Underlying Litigation in mid-2018 after the unexpected death of prior trial counsel. Plaintiffs contend that after being engaged, Messrs. Levin & Dicterow pressured Dr. Khalid to sign a written fee agreement (the "Services Agreement"), which purported to change L&D's hourly rate into an exorbitant hybrid contingent fee arrangement that attempted to give L&D hourly fees, monthly flat fees, and a contingency fee in any cash recovery, plus a significant portion of Dr. Khalid's and Trivalley's stock ownership in GDBC.

Plaintiffs contend the Services Agreement is unlawful and unenforceable, because, among other reasons, it contained unconscionable fee and contingency fee provisions and

lacked mandatory disclosures required by the California Rules of Professional Conduct. Plaintiffs also assert claims against defendants for legal malpractice in their representation of Dr. Khalid and Trivalley.  Among other acts of malpractice, plaintiffs allege that defendants did less than the bare minimum required to sustain Dr. Khalid's and Trivalley's case, overbilled Dr. Khalid and Trivalley for incomplete work, failed to file briefs, and failed to comply with fact and expert discovery deadlines.

Plaintiffs also assert breach of fiduciary duty claims against defendants arising from the actions they took after the conclusion of their representation.  In particular, Dr. Khalid and Trivalley allege that defendants disclosed confidential information to opposing counsel in the Underlying Litigation after they had withdrawn.  Defendants entered negotiations with opposing counsel to sell their purported interest in Dr. Khalid and Trivalley's GDBC stock to a party then purporting to exercise control of GDBC and directly adverse to Dr. Khalid and Trivalley in the Underlying Litigation.  Had they succeeded, defendants arguably would have destroyed Dr. Khalid and Trivalley's position in the Underlying Litigation.  This breach of fiduciary duties and professional responsibilities allowed defendants to extort a large payment from Dr. Khalid and Trivalley, who capitulated to avoid jeopardizing their position in the Underlying Litigation.

ii.    <u>Defendants' statement of the case[1]</u>

Preliminarily, Defendants assert that this action is not properly before this court. As set forth in Defendants' pending Motion to Dismiss (Dckt. No. 16-1), the Legal Services Agreement between the parties specified that this action should have been filed in the Orange County Superior Court. Defendants also contend that the Plaintiffs have failed to

---

[1] While defendant William Levin generally agrees with defendants' positions in this joint report, he was unavailable to participate in the Rule 26(f) telephone conference with counsel for plaintiffs and counsel for defendants L&D and Dicterow and unable to incorporate his additional proposed positions because his computer is not working and will not be repaired until the week of February 14, 2022.  At Mr. Levin's request, the parties have attached hereto, as Exhibit A, Mr. Levin's email correspondence and handwritten notes, which Mr. Levin submits contain his additional positions.

include an indispensable party, Pasaca Capital, Inc., as a named plaintiff. As set forth in the motion, these factors mandate that this action be dismissed.

Further, defendant Levin asserts that he is specially appearing in this case, without waiver of his position that he was not properly served and that there is no jurisdiction or venue as to him individually because he was residing in Maine at the time of the purported service of process on him, and plaintiffs knew or should have known from their own declarations in the case.

Defendants' assert that this action was only filed in retaliation to the Defendants' attempts to recover their well-earned fees. The Defendants zealously represented the Plaintiffs in the Underlying Litigation and obtained a Statement of Decision that the Plaintiffs have now relied upon to perfect their claims in several other court actions.

The Legal Services Agreement between the parties was negotiated at arm's length while the Plaintiffs were represented by other counsel. Plaintiffs are also a sophisticated businessman and an international business entity. There is no basis for any claim of over-reaching, fraud, undue influence, or extortion by the Defendants over the Plaintiffs.

The simple fact of the matter is that the Plaintiffs ran behind in paying their bills and then stopped paying all together. At the same time, Plaintiffs thanked the Defendants for their work and praised them on their successes. Plaintiffs even continued to promise to make payment to the Defendants up until the point where the Defendants were left with no option but to withdraw. It should be noted that this withdrawal did not occur until more than nine months after the Plaintiffs' last payment.

As for Plaintiffs' contention that Defendants did only the bare minimum, this contention ignores the well-documented instruction that Defendants received from Pasaca Capital, Inc., after it took over management of the Underlying Litigation, that they were to do only the bare minimum of work on the case. Pasaca Capital, Inc., despite repeated promises to do otherwise, also refused to provide Defendants with any direction or funds for the payment of litigation expenses, including, but no limited to, the retention of any

expert witnesses. They also refused to provide the Defendants with the documents and cooperation necessary to complete discovery responses. It defies credulity that Plaintiffs now accuse Defendants as responsible for these failings when Defendants merely did as they were instructed by the client, or where further action was made impossible by the client's failure to fund the litigation and cooperate in producing discovery responses.

With respect to the allegations regarding the stock ownership, the Defendants took no position against their former clients. Defendants were approached by the Plaintiffs in the Underlying Litigation seeking to buy their stock interest. Defendants did not solicit this interest and did not negotiate with those parties. Instead, Defendants advised the Plaintiff that they had been approached and that an offer had been made. Defendants also advised that Plaintiffs' failure to pay its outstanding bill had placed Defendants in financial hardship. Ultimately, Plaintiffs decided to purchase the Defendants' interest as it was necessary for them in the maintenance of their claims in a Delaware court action. This allegation is as empty as Plaintiff's allegations that Defendants did only the bare minimum of work.

Should this action proceed despite the pending motion to dismiss, Defendants will file a counterclaim against the Plaintiffs and will add Pasaca Capital, Inc., Thomas Whitelaw & Kolegraff, LLP and Eric Landau as additional parties. Defendants contend that each of these additional parties owed the Defendants for their fees and costs incurred in the Underlying Litigation and had promised payment to the Defendants in return for their continued work. Despite such promises and the Defendants' continued efforts, no such payments were ever received. Defendants will seek the principal sum of $333,744.04 in unpaid fees and costs incurred in the Underlying Litigation. Should this counterclaim be filed in this action, it will likely impact the schedule addressed below.

**B.    LEGAL ISSUES**

i.    Plaintiffs identify the following key legal issues:

(1)    Whether the Services Agreement is enforceable due to

unconscionability and/or the lack of disclosures required by applicable Rules of Professional Conduct;

(2)    Whether defendants breached their duty of care to Dr. Khalid and Trivalley in their actions and handling of the Underlying Litigation;

(3)    Whether defendants breached their duty of loyalty to Dr. Khalid and Trivalley in their actions and negotiations with opposing counsel in the Underlying Litigation.

ii.    Defendants identify the following key legal issues:

(1)    Whether Plaintiffs had assigned all of their right, title and interest in the Underlying Litigation to Pasaca Capital, Inc.

(2)    Whether, in light of that assignment, Plaintiffs can sustain an allegation that they suffered any damage as a result of any conduct of the Defendants.

(3)    Whether, because of that assignment, Pasaca Capital, Inc. is an indispensable party to this litigation.

(4)    Whether the forum selection clause within the Legal Services Agreement mandates that this action be dismissed.

(5)    Whether Plaintiffs, along with their agents, breached their obligation to pay Defendants the fees and costs owed to them.

(6)    Whether Plaintiffs, by instructing the Defendants to do the bare minimum of work and by refusing to fund the Underlying Litigation were the primary cause of the damages alleged herein.

## C.    DAMAGES

i.    Plaintiffs' position on realistic range of provable damages:

Plaintiffs believe provable damages are in the range of $900,000, which includes attorneys' fees incurred by plaintiffs that would not have been incurred but for defendants' negligent handling of the Underlying Litigation, as well as the payment defendants wrongfully extorted from plaintiffs under threat of selling their purported interest in

plaintiffs' stock to a directly adverse party in the Underlying Litigation and thereby jeopardizing plaintiffs' position in the Underlying Litigation.

Plaintiffs dispute defendants' claimed damages, and contend defendants are not entitled to any additional payment for fees and costs allegedly incurred for work in the Underlying Litigation, or fees and costs for prosecuting and/or defending this action.

ii.    <u>Defendants' position on provable damages</u>:

Defendants assert that Plaintiffs cannot establish any damage as the accusation that Defendants did only the bare minimum of work was the result of Defendants following the express direction of Pasaca Capital, Inc. Further, Plaintiff cannot establish any damage with connection to the stock ownership as Plaintiff had transferred that ownership to Pasaca Capital, Inc. and therefore lacks standing to assert such a claim.

Should this action continue, and Defendants are compelled to file a counterclaim, Defendants will easily establish that they are entitled to an additional payment of $333,744.04 for the fees and costs they incurred in the Underlying Litigation and that they are entitled to their fees and costs incurred in the prosecution and defense of this action.

**D.    INSURANCE**

Defendants L&D and Dicterow represent that no insurance coverage exists. Defendant Levin believes all defendants have applicable malpractice insurance under his former firm One LLP's policy due to their involvement via its partners, and have not been able to tender yet as that firm refused to provide L&D's counsel with the name or contact information for the carrier.

**E.    MOTIONS**

After the filing of this case, L&D filed a complaint in state court for unpaid attorneys' fees, *Levin & Dicterow v. Khalid bin Jabor Al-thani, et al.*, Orange County Superior Court, Case No. 30-2021-01231160-CU-BC-NJC ("State Court Action").  In addition to Dr. Khalid and Trivalley, L&D asserted claims for breach of contract and

*quantum meruit* against Dr. Khalid's litigation manager, Pasaca Capital, Inc. ("Pasaca"), and Dr. Khalid's current counsel in the Underlying Litigation, Eric Landau, as well as Mr. Landau's prior firm, Thomas Whitelaw & Kolegraff, LLP, on the basis that each of them separately guaranteed payment.  Defendants Pasaca and Mr. Landau filed a motion to stay the State Court Action in favor of this prior pending action.  L&D filed an opposition.  On January 28, 2022, the Orange County Superior Court issued an order continuing the hearing date on the motion to stay to June 3, 2022 and staying the State Court Action pending this Court's resolution of the motion to dismiss filed by defendants for forum *non conveniens*, which is addressed below.

Plaintiffs contend that the claims asserted by L&D in the State Court Action are compulsory counterclaims, and defendants will need to assert them in this case if they do not wish to waive their ability to pursue such claims.  Plaintiffs further contend that to the extent L&D wishes to pursue claims for nonpayment of legal fees and/or *quantum meruit* against Pasaca, Mr. Landau and TWK, L&D must add Pasaca, Mr. Landau and TWK as counterclaim defendants in this action.

In this case, defendants L&D and Mr. Dicterow have filed a motion to dismiss for forum *non conveniens* or, in the alternative, to dismiss pursuant to Rule 12(b)(7) for failure to join an indispensable party.  ECF No. 16.  Defendant Mr. Levin filed a joinder in the motion.  ECF No. 24.

Defendants contend that the Legal Services Agreement between the Parties mandates that this action be tried in the Superior Court of Orange County. They also contend that this action should be dismissed as a result of Plaintiffs' failure to include Pasaca Capital, Inc. as a plaintiff.  Defendants contend that plaintiffs assigned all of their interest in the Underlying Litigation to Pasaca Capital, Inc. in February of 2020 and Pasaca Capital directed the actions of the Defendants from that point forward up until their withdrawal.  Defendants contend that plaintiffs simply cannot sustain this action without Pasaca Capital's involvement as a party plaintiff. The motion to dismiss is scheduled to be

heard on June 3, 2022. ECF No. 21. Defendant Levin believes the motion to dismiss should also be treated as a motion to stay this action in favor of the State Court Action, as he contends that all the claims are solely state claims, payment of fees in a state case, and claims of malpractice in the state case to avoid payment of those fees. Plaintiffs will oppose the motion to dismiss.

**F.    COMPLEXITY**

The parties believe this matter is not complex and does not require the procedures of the Manual for Complex Litigation. While there are jurisdictional issues that must be resolved, the underlying claims and expected counterclaims are not complex, and the parties do not expect a voluminous amount of documents or witnesses.

**G.    STATUS OF DISCOVERY**

The parties have not yet issued formal discovery. The parties have agreed to abstain from serving discovery requests and taking depositions pending the Court's resolution of the motion to dismiss filed by defendants.

**H.    DISCOVERY PLAN**

i.    <u>Initial Disclosures</u>:  The Parties have agreed to comply with the initial disclosure requirements contained in Rule 26(a) of the Federal Rules of Civil Procedure, without any changes, by February 18, 2022.

ii.    <u>List of Subjects for Discovery</u>:

(1)    *Plaintiffs identify the following preliminary anticipated list of subjects of discovery.*

- The preparation, drafting and negotiation of the Services Agreement;
- The preparation and filing of the request for entry of judgment in the Underlying Litigation and failure to file a response to GDBC's opposition

thereto;

- Motions to compel fact discovery and responses thereto in the Underlying Litigation;

- The calendaring of and compliance with case deadlines in the Underlying Litigation;

- Decisions concerning the retention and identification of or failure to identify expert witnesses in the Underlying Litigation;

- Defendants' withdrawal as counsel in the Underlying Litigation;

- Communications between Messrs. Levin and Dicterow and plaintiff's counsel in the Underlying Litigation regarding defendants' withdrawal;

- Communications between Messrs. Levin and Dicterow regarding the Underlying Litigation;

- The preparation and filing of the notice of lien in the Underlying Litigation;

- Communications between Messrs. Levin and Dicterow and plaintiff's counsel in the Underlying Litigation regarding the notice of lien;

- The plan and offer by Messrs. Levin and Dicterow to sell a purported interest in Dr. Khalid and Trivalley's stock to plaintiff after their withdrawal as counsel of record in the Underlying Litigation.

Plaintiffs reserve the right to add additional subjects as the case develops and discovery proceeds, including to the extent defendants assert counterclaims and/or add counterclaim defendants.  Plaintiffs' preliminary list of subjects is not intended to be inclusive or preclusive and is made without waiving plaintiffs' right to object to defendants' discovery as necessary.

(2)   *Defendants identify the following preliminary anticipated list of subjects of discovery.*

- The discussion, preparation, drafting and negotiation of the agreement whereby Plaintiffs transferred their interest in the Underlying Litigation to

Pasaca Capital, Inc.

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding the strategy of the Underlying Litigation.

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding the payment of the Defendants for their fees and costs in the Underlying Litigation.

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding the bankruptcy of Global Discovery Biosciences Corp. (USBC Central District, Case No. 8:21-bk-10619-MW)

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding the two Delaware Chancery Court actions known as *Trivalley Trading & Contracting, WLL v. Global Discovery Biosciences Corp.* Case No. 2020-1015-JRS and *In Re Global Discovery Biosciences Corp.*, Case No. 2021-0196-JRS.

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding ownership interests in Global Discovery Biosciences Corp.

- Communications between Plaintiffs and all persons acting on behalf of Pasaca Capital, Inc. regarding Defendants' withdrawal in the Underlying Action.

- Communications between Plaintiffs, Pasaca Capital, Inc. and Thomas Whitelaw & Kolegraff, LLP regarding the payment of Defendants' fees and costs in the Underlying Litigation.

Defendants reserves the right to add additional subjects as the case develops and discovery proceeds. Defendants' preliminary list of subjects is not intended to be inclusive or preclusive and is made without waiving defendants' right to object to plaintiffs' discovery as necessary.

iii.    <u>Discovery Proposal</u>:

(1)     *Discovery Rules*:  The parties agree that the applicable Federal Rules should govern discovery in this case and that no other limitations should be imposed at this time.

(2)     *Privileged Materials*.  The parties stipulate that all materials requested in discovery and withheld on the basis of a privilege shall be listed on a privilege log up to the filing of the demand for fee arbitration with the Orange County Bar Association, but excluding any privileged communications thereafter.

(3)     *Electronically Stored Information*:  The parties stipulate that all electronically stored information shall be produced with an acceptable load file in .dat, .lfp, or other agreed-upon file type.  Each load file shall be accompanied by .tif images with associated text searchable ("OCR") .txt files.  To the extent Excel or other spreadsheets are produced, they shall be produced in native format.  All documents shall be Bates labeled in sequential order.  All redactions shall be listed on an accompanying privilege log.

(4)     *Service of Discovery*:  The Parties have stipulated that written discovery requests and responses shall be served via e-mail to the following:

For plaintiffs:

Eric Landau (*elandau@egsllp.com*)

Travis Biffar (*tbiffar@egsllp.com*)

Lauren Wegener (*lwegener@egsllp.com*)

For defendants L&D and Mr. Dicterow:

Robert Bright (*bbright@me.com*)

J. Scott Russo (*srusso@russoandduckworth.com*)

For defendant Mr. Levin:

William Levin (*William.levin@levinip.com*)

iv.     *Number of Depositions*:

Plaintiffs anticipate they will seek to take at least two fact witness depositions,

{01085823.DOCX.1}                    11

JOINT RULE 26(f) REPORT

including Messrs. Levin and Dicterow, as well as depositions of each of defendants' experts, if any.

Defendants anticipate they will seek to take depositions of Plaintiff Khalid bin Jabor Al Thani, his assistant Rose Hancock; representatives of Pasaca Capital, Inc., including Charles Huang, Daniel Elliott, and Robert Kasprzak; Eric Landau along with the depositions of plaintiffs' experts, if any.  Defendant Levin believes it may be necessary to take additional depositions of additional witnesses not identified here.

## I.    EXPERT DISCOVERY

Plaintiffs and Defendants anticipate designating one or more expert witnesses.  The parties do not anticipate any issues with respect to the timing of expert disclosures and discovery as set forth in the Court's list of presumptive dates.

## J.    DISPOSITIVE MOTIONS

i.    <u>Plaintiffs identify the following dispositive motions</u>:

Plaintiffs have not yet determined whether they will file a motion for summary judgment and/or summary adjudication regarding their claims for legal malpractice and breach of fiduciary duty.  Plaintiffs reserve the right to file dispositive motions on their claims, other claims, issues or affirmative defenses as discovery proceeds.

ii.    <u>Defendants identify the following dispositive motions</u>:

Defendants have not yet determined whether they will file a motion for summary judgment and/or summary adjudication regarding their defenses or Plaintiffs' causes of action.  Defendants reserve the right to file dispositive motions on their claims, other claims, issues or affirmative defenses as discovery proceeds.

**K.    ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION**

In accordance with Local Rule 16-15.4, the parties select ADR Procedure No. 3 (Private Mediation).

**L.    SETTLEMENT EFFORTS**

The parties participated in mediation as part of the Orange County Bar Association mandatory fee arbitration procedures but were unable to reach a settlement.

**M.    PRELIMINARY TRIAL ESTIMATE**

The parties anticipate a three (3) to five (5) day trial before a jury with approximately six (6) total witnesses.

**N.    TRIAL COUNSEL**

Trial counsel for plaintiffs:

- Eric Landau – Lead Trial Counsel
- Travis Biffar

Trial counsel for defendants L&D and Steven Dicterow:

- J. Scott Russo – Lead Trial Counsel
- Robert E. Bright

Trial counsel for defendant William Levin:

- William Levin, Esq. (*in propria persona*) – Lead Trial Counsel

**O.    INDEPENDENT EXPERT OR MASTER**

The parties do not request the appointment of a special master at this time.

**P.    OTHER ISSUES**

  i.    <u>Protective Order</u>:  The parties intend to exchange drafts of a stipulated

Protective Order and lodge it in the near future.

    ii.    <u>Electronically Stored Information ("ESI")</u>:  The parties do not anticipate any unusual technical issues regarding the production of documents/ESI or extraordinarily voluminous document production.

Dated: February 11, 2022         Ellenoff Grossman & Schole LLP

         By:      /s/ Eric Landau
             Eric Landau
             Attorneys for plaintiffs

Dated: February 11, 2022         Russo & Duckworth, LLP

         By:      /s/ J. Scott Russo
             J. Scott Russo
             2801 W. Coast Hwy, Ste 270
             Newport Beach, CA 92663
             (949) 752-7106
             srusso@russoandduckworth.com

             Robert E. Bright
             Law Office of Robert E. Bright, APC
             2801 W. Coast Hwy, Ste 270
             Newport Beach, CA 92663
             (949) 396-2506
             bright.law@icloud.com

             Attorneys for defendants
             Steven Dicterow and Levin & Dicterow

Dated: February 11, 2022                    William E. Levin


                                   By:        /s/ William E. Levin
                                        William E. Levin
                                        1007 West Bay Road
                                        Gouldsboro, ME 04607
                                        (949) 613-5131
                                        william.levin@levinip.com

                                        *In Propria Persona*

{01085823.DOCX.1}                    15

# EXHIBIT A

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:  *Trivalley Doha Qatar, et al. v. William Levin, et al.*

CASE NO:  8:21-cv-01857-JLS-KES

| Matter | Deadline | Plaintiffs' Request | Defendants' (L&D and Dicterow) Request[2] | Court Order |
|---|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conf. plus 60 days | 08/16/2022 in light of pending motion to dismiss and likelihood of counterclaims | Agreed | |
| Fact Discovery Cutoff | 18 weeks before Final Pre-trial Conference ("FPTC") | 12/30/2022 | Agreed | |
| Last Day to Serve Initial Expert Reports | 16 weeks before FPTC | 01/13/2023 | Agreed | |
| Last Day to File Motions (except *Daubert* and all other Motions *in limine*) | 16 weeks before FPTC | 01/13/2023 | Agreed | |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before FPTC | 02/10/2023 | Agreed | |
| Last Day to Conduct Settlement Proceedings | 9 weeks before FPTC | 03/03/2023 | Agreed | |
| Expert Discovery Cutoff | 8 weeks before FPTC | 03/10/2023 | Agreed | |
| Last Day to File *Daubert* | 7 weeks before | 03/17/2023 | Agreed | |

_____

[2] Defendant Levin has not provided specific proposed deadlines but believes that he needs at least a year after the Court resolves the pending motion to dismiss to conduct fact discovery.

| Matter | Deadline | Plaintiffs' Request | Defendants' (L&D and Dicterow) Request[2] | Court Order |
|---|---|---|---|---|
| Motions | FPTC | | | |
| Last Day to File Motions *in limine* (other than *Daubert* motions) | 4 weeks before FPTC | 04/07/2023 | Agreed | |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | 05/05/2023 | Agreed | |

# **EXHIBIT A**

**Travis Biffar**

| | |
|---|---|
| **From:** | William Levin <william.levin@levinip.com> |
| **Sent:** | Friday, February 11, 2022 5:10 PM |
| **To:** | Travis Biffar |
| **Cc:** | Bob Bright; Scott Russo; Eric Landau |
| **Subject:** | Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES |
| **Attachments:** | Trivalley v. Levin - Rule 26 Joint Report w Pltf Edits (01085727xA9C08).docx |

**Caution: External Sender**

Travis I'm also sending you my handwritten notes in case you are able to read them though Bob couldn't, and request that these, and my your email to me on the date of the 2pm 26f, and my email response to you, be attached to the joint statement as part of my position.

Thank you.











Sent from my iPhone
William E. Levin
**Levin IP Law Group**
Intellectual Property Lawyers
William.Levin@LevinIP.com
949.601-5131 office
805-815-2184 mobile


This message and any attached documents contain information from the law firm of LIPG that may be confidential or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify me immediately by reply e-mail and then delete this message. Thank you.



On Feb 11, 2022, at 7:42 PM, Travis Biffar <tbiffar@egsllp.com> wrote:

Further to my prior email, I spoke with Bill and he asked to add a short passage indicating that his computer is broken and he is unable to return edits.  This is reflected in footnote 1.

Bill, please let us know if this and the other proposed edits are acceptable and if we have permissions to sign/file.

---

**From:** Travis Biffar
**Sent:** Friday, February 11, 2022 2:41 PM
**To:** 'Bob Bright' <bbright@me.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** RE: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

Attached is a further revised version showing our additional edits in tracked changes. We accepted your proposed schedule in Exhibit A.

Bill, I left you a voicemail – please let everyone know if this is acceptable to you so that we may file today.

Thanks,
Travis

---

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Friday, February 11, 2022 12:43 PM
**To:** Travis Biffar <tbiffar@egsllp.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

**Caution: External Sender**

Travis - attached are our edits. We are still awaiting input from Bill Levin.


Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.


On Feb 10, 2022, at 17:25, Travis Biffar <tbiffar@egsllp.com> wrote:

Bob, Bill,

Please let me know when you expect to send defendants' proposed edits to the joint Rule 26(f) report.

Thanks,
Travis

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Tuesday, February 8, 2022 11:39 AM
**To:** Travis Biffar <tbiffar@egsllp.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo
<jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

Caution: External Sender

Travis - Received. Thank you.

Bill - I will prepare our additions and then forward to you for your review and additions.

Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 8, 2022, at 11:36 AM, Travis Biffar <tbiffar@egsllp.com> wrote:

Bob, Bill,

Attached is a draft joint Rule 26(f) report for your review and input.

Travis

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Monday, February 7, 2022 2:27 PM

**To:** Bill Levin <william.levin@levinip.com>
**Cc:** Travis Biffar <tbiffar@egsllp.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

**Caution: External Sender**

Hi Bill - Travis and I just went through everything. He is sending us a draft of the joint statement for our review and input which we should have later today or tomorrow. I will then add in what we believe is necessary for the defense and I will forward that to you for your review. Once you've had a chance to review and provide input, we can send back to Travis for filing.

The goal will be to get our submissions and edits back to Travis by Wednesday for filing on Friday.

Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 7, 2022, at 2:09 PM, William Levin <william.levin@levinip.com> wrote:

Travis, sorry I didn't see any earlier emails, until this one. Will you please resend them?

I was tied up earlier and now, but am available most of tomorrow for the Rule 26f, although I don't believe I've been properly served yet so reserve all rights as to jurisdiction, venue, and service as to me.

Sent from my iPhone

William E. Levin
**Levin IP Law Group**
Intellectual Property Lawyers
William.Levin@LevinIP.com
805-815-2184 mobile

This message and any attached documents contain
information from the law firm of LIPG that may be
confidential or privileged. If you are not the
intended recipient, you may not read, copy,
distribute, or use this information.  If you have
received this transmission in error, please notify me
immediately by reply e-mail and then delete this
message. Thank you.

> On Feb 7, 2022, at 1:19 PM, Bob
> Bright <bbright@me.com> wrote:
>
> Confirmed.
>
> Best regards,
>
> Bob Bright
>
> **Law Office of Robert E. Bright,
> APC**
> 2801 W. Coast Hwy, Suite 270
> Newport Beach, CA 92663
> Direct: (949) 228-0271
> Office: (949) 396-2506
>
> PRIVILEGE AND CONFIDENTIALITY: This
> email transmission and the information contained within is
> confidential and may be privileged. If you are not the
> intended recipient of this communication and you have
> received it in error, please do not disclose, publish or
> otherwise use the information, but notify us immediately
> and remove it from your system. U.S. Treasury Circular
> 230 Notice: Any tax advice contained in this
> communication (including any attachments) was not
> intended or written to be used, and cannot be used, for the
> purpose of (a) avoiding penalties that may be imposed
> under the Internal Revenue Code or by any other applicable
> tax authority; or (b) promoting, marketing or
> recommending to another party any tax-related matter
> addressed herein. We provide this disclosure on all
> outbound e-mails to assure compliance with new standards
> of professional practice, pursuant to which certain tax
> advice must satisfy requirements as to form and substance.
>
> > On Feb 7, 2022, at
> > 10:07 AM, Travis
> > Biffar

9

<tbiffar@egsllp.com>
wrote:

Bob, just confirming we
will speak at 2pm
today.

William, I did not
receive a response from
you to my previous
emails regarding the
Rule 26(f)
conference.  Please let
me know if you are
available at 2pm PT
today.  If not, please let
me know if you are
deferring to L&D's
counsel with respect to
discussion of the Rule
26(f) topics.  I plan to
circulate a draft joint
Rule 26(f) report
tomorrow, in which of
course you can provide
comments and
positions.

Regards,
Travis


<image001.jpg>**<ima
ge002.jpg>**
**Travis Biffar**
**Partner**
18101 Von Karman
Ave, Suite 230, Irvine,
CA 92612
Main Office: (212)
370-1300 x.7251 |Fax:
(212) 370-7889
Direct: (949) 290-4972
tbiffar@egsllp.com |
www.egsllp.com


Privileged Information:
This message, together

with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

<u>Privileged Information</u>: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you. <Al Thani, Joint Rule 26(f) Report (01068230-3xA9C08).docx>

<u>Privileged Information</u>: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

<u>Privileged Information</u>: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

**Travis Biffar**

| | |
|---|---|
| **From:** | William Levin <william.levin@levinip.com> |
| **Sent:** | Friday, February 11, 2022 5:55 PM |
| **To:** | Travis Biffar |
| **Cc:** | Bob Bright; Scott Russo; Eric Landau |
| **Subject:** | Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES |

<mark>Caution: External Sender</mark>

Travis, fine that works, including the attachments I mentioned, but I still haven't seen your footnote 1.

Meanwhile, let me try to do it myself.

"Defendant Levin has been unable to provide his proposed changes to the FRCP 26b draft joint report due today, due to recent computer problems which can't be quickly resolved due to his current residence, since before the purported service of process on him individually, in rural Maine. He provided them in  handwriting but other counsel can not read them, which are attached to this report and an mail from Plaintiffs's counsel to him and his response, indicating that he requested to be included in the FRCP 26f phone conference, though he was not.

Mr Levin therefore intends to amend the report to add his position when his computer issues are resolved.

He also requests permission yo discuss them with the Court at the Sceduling Conference which he requests he be allowed to participate in by Zoom, or by phone. Currently only his phone is working for communications, including emails.

He is also not receiving ECF documents, which are going solely to One LLP where he and Mr. Dicterow were partners at the time of many of the material facts alleged in the Complaint. He can't change this to his current email, williamlevin@levinip.com, until his computer is fixed.

Mr. Levin apologizes deeply to the Court for the current state of affairs as he is not currently practicing law due to health and other issues, including dead beat clients who file in federal court what are state malpractice claims through new counsel rather pay their legal fees.

Sent from my iPhone
William E. Levin
**Levin IP Law Group**
Intellectual Property Lawyers
William.Levin@LevinIP.com
805-815-2184 mobile


This message and any attached documents contain information from the law firm of LIPG that may be confidential or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify me immediately by reply e-mail and then delete this message. Thank you.

On Feb 11, 2022, at 8:16 PM, Travis Biffar <tbiffar@egsllp.com> wrote:

Bill,

With all due respect, I cannot interpret your handwriting.  I am willing to incorporate what your wrote in your earlier email and send you a proposed revised version of the report.  I suggest that, once you have fixed the problems with your computer, you add to the report whatever positions you deem appropriate, and we file an amended joint report reflecting same.

I will shortly circulate a version of the report that incorporates the comments from your prior email.

Travis



**Travis Biffar**
PARTNER
18101 Von Karman Ave, Suite 230, Irvine, CA 92612
Main Office: (212) 370-1300 x.7251 |Fax: (212) 370-7889
Direct: (949) 290-4972
tbiffar@egsllp.com | www.egsllp.com

---

**From:** William Levin [mailto:william.levin@levinip.com]
**Sent:** Friday, February 11, 2022 5:10 PM
**To:** Travis Biffar <tbiffar@egsllp.com>
**Cc:** Bob Bright <bbright@me.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

**Caution: External Sender**

Travis I'm also sending you my handwritten notes in case you are able to read them though Bob couldn't, and request that these, and my your email to me on the date of the 2pm 26f, and my email response to you, be attached to the joint statement as part of my position.

Thank you.



3









Sent from my iPhone
William E. Levin
**Levin IP Law Group**
Intellectual Property Lawyers
William.Levin@LevinIP.com
949.601-5131 office
805-815-2184 mobile


This message and any attached documents contain information from the law firm of LIPG that may be confidential or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information.  If you have received this transmission in error, please notify me immediately by reply e-mail and then delete this message. Thank you.



On Feb 11, 2022, at 7:42 PM, Travis Biffar <tbiffar@egsllp.com> wrote:

Further to my prior email, I spoke with Bill and he asked to add a short passage indicating that his computer is broken and he is unable to return edits. This is reflected in footnote 1.

Bill, please let us know if this and the other proposed edits are acceptable and if we have permissions to sign/file.

---

**From:** Travis Biffar
**Sent:** Friday, February 11, 2022 2:41 PM
**To:** 'Bob Bright' <bbright@me.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** RE: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

Attached is a further revised version showing our additional edits in tracked changes. We accepted your proposed schedule in Exhibit A.

Bill, I left you a voicemail – please let everyone know if this is acceptable to you so that we may file today.

Thanks,
Travis

---

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Friday, February 11, 2022 12:43 PM
**To:** Travis Biffar <tbiffar@egsllp.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

**Caution: External Sender**

Travis - attached are our edits. We are still awaiting input from Bill Levin.


Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed

herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 10, 2022, at 17:25, Travis Biffar <tbiffar@egsllp.com> wrote:

Bob, Bill,

Please let me know when you expect to send defendants' proposed edits to the joint Rule 26(f) report.

Thanks,
Travis

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Tuesday, February 8, 2022 11:39 AM
**To:** Travis Biffar <tbiffar@egsllp.com>
**Cc:** Bill Levin <william.levin@levinip.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

<mark>**Caution: External Sender**</mark>

Travis - Received. Thank you.

Bill - I will prepare our additions and then forward to you for your review and additions.

Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 8, 2022, at 11:36 AM, Travis Biffar <tbiffar@egsllp.com> wrote:

Bob, Bill,

Attached is a draft joint Rule 26(f) report for your review and input.

Travis

**From:** Bob Bright [mailto:bbright@me.com]
**Sent:** Monday, February 7, 2022 2:27 PM
**To:** Bill Levin <william.levin@levinip.com>
**Cc:** Travis Biffar <tbiffar@egsllp.com>; Scott Russo <jsrusso@russoandduckworth.com>; Eric Landau <elandau@egsllp.com>
**Subject:** Re: Trivalley v. Levin, et al., 21-cv-01857-JLS-KES

==Caution: External Sender==

Hi Bill - Travis and I just went through everything. He is sending us a draft of the joint statement for our review and input which we should have later today or tomorrow. I will then add in what we believe is necessary for the defense and I will forward that to you for your review. Once you've had a chance to review and provide input, we can send back to Travis for filing.

The goal will be to get our submissions and edits back to Travis by Wednesday for filing on Friday.

Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**
2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 7, 2022, at 2:09 PM, William
Levin <william.levin@levinip.com>
wrote:

Travis, sorry I didn't see any earlier
emails, until this one. Will you
please resend them?

I was tied up earlier and now, but am
available most of tomorrow for the
Rule 26f, although I don't believe
I've been properly served yet so
reserve all rights as to jurisdiction,
venue, and service as to me.

Sent from my iPhone
William E. Levin
**Levin IP Law Group**
Intellectual Property Lawyers
William.Levin@LevinIP.com
805-815-2184 mobile

This message and any attached
documents contain information from
the law firm of LIPG that may be
confidential or privileged. If you are
not the intended recipient, you may
not read, copy, distribute, or use this
information.  If you have received
this transmission in error, please
notify me immediately by reply e-
mail and then delete this message.
Thank you.

On Feb 7, 2022, at
1:19 PM, Bob Bright
<bbright@me.com>
wrote:

Confirmed.

Best regards,

Bob Bright

**Law Office of Robert E. Bright, APC**

2801 W. Coast Hwy, Suite 270
Newport Beach, CA 92663
Direct: (949) 228-0271
Office: (949) 396-2506

PRIVILEGE AND CONFIDENTIALITY: This email transmission and the information contained within is confidential and may be privileged. If you are not the intended recipient of this communication and you have received it in error, please do not disclose, publish or otherwise use the information, but notify us immediately and remove it from your system. U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

On Feb 7, 2022, at 10:07 AM, Travis Biffar <tbiffar@egsllp.com> wrote:

Bob, just confirm

ing we will speak at 2pm today.

William, I did not receive a response from you to my previous emails regarding the Rule 26(f) conference. Please let me know if you are available at 2pm PT today. If not, please let me know if you are deferring to L&D's counsel with respect to discussion of the Rule 26(f) topics. I plan to circulat

e a
draft
joint
Rule
26(f)
report
tomorr
ow, in
which
of
course
you can
provide
comme
nts and
positio
ns.

Regards
,
Travis

<image001.jp
g>**<im
age00
2.jpg>**
**Travis
Biffar
Partne
r**
18101
Von
Karma
n Ave,
Suite
230,
Irvine,
CA
92612
Main
Office:
(212)
370-
1300
x.7251
|Fax:
(212)

370-
7889
Direct:
(949)
290-
4972
tbiffar
@egsll
p.com
| www
.egsllp.
com

Privileg
ed
Informat
ion: This
message
,
together
with any
attachm
ents, is
intended
only for
the use
of the
individu
al or
entity to
which it
is
addresse
d and
may
contain
informat
ion that
is
legally
privilege
d,
confiden
tial
and/or
exempt
from
disclosu
re. If
you are
not the
intended
recipient
, you are
hereby

15

notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you. <Al Thani, Joint Rule 26(f) Report (01068230-3xA9C08).docx>

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended

recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.